CALVERT MORTGAGE COMPANY *v.* FLYNT, administrator.

Where a petition alleged sufficient facts to show that a deed had been procured from a plaintiff by fraud, that the grantee had procured a loan from a mortgage company, that the latter had taken a deed to secure such indebtedness, and that it did so "with full knowledge of petitioner's rights," the petition was not subject to general demurrer.

(a) The special demurrer did not raise the question of the sufficiency of the facts alleged to charge the company with notice or put it upon inquiry; and one ground of the special demurrer was not referred to in the briefs.

      JUNE 23, 1915.

Equitable petition. Before Judge Hawkins. Laurens superior court. April 27, 1914.

On December 22, 1913, Mrs. Mary M. Colley filed her equitable petition against the Calvert Mortgage Company, a non-resident corporation, and the sheriff of the city court of Dublin, Laurens county, alleging substantially as follows: On June 6, 1888, she purchased a described tract of land and went into possession of it, and she has so continuously remained since. About November 16, 1912, her husband died, leaving her without children of her own, and with no one to counsel and advise her, and no one to whom she could look for maintenance and support. Soon after his death, being left with no one to live in the house with her, she requested the son and daughter-in-law of her deceased husband to move their

family into the house located upon the property and to occupy it as a home in connection with her, for the purpose of protecting and taking care of her in her old age, "it being the purpose of petitioner, and so understood by said parties, [for them] to live in the said house with petitioner, and not to relinquish her rights thereto, or to give the possession thereof, other than temporary, permissive possession for the purpose aforesaid, and at the pleasure of petitioner." Under this arrangement the son of the petitioner's deceased husband and the wife of such son moved their family into the house on the premises. Soon after this occurred, the son of the plaintiff's deceased husband fraudulently induced her to make a deed to the premises to the wife of such son, representing that, for the purpose of saving her the trouble and annoyance of looking after business affairs, it would be best for her to execute to him a power of attorney, authorizing him to transact such business for her. Relying on his representation, she signed a paper which she thought was only a power of attorney, but which she subsequently discovered was a conveyance to the wife of the person committing the fraud. The plaintiff is seventy years old, ignorant and unaccustomed to business affairs, and easily persuaded and imposed upon by any one in whom she has confidence. On account of her age and defective eyesight, she is unable to read or write, and can only sign her name by making a mark. The paper which she signed was not read over to her or explained to her, other than in the statement above mentioned, to the effect that it was a power of attorney. On February 12, 1913, the grantee in this deed obtained from the Calvert Mortgage Company a loan of $1,000 secured by a deed to the property. Of this the plaintiff had no knowledge, and the plaintiff charges that the deed which was procured from her is void on account of fraud, and also for the want of consideration. It recited a consideration of five dollars, and the love and affection which she had for her stepdaughter-in-law. No money was paid to her, and she received nothing as a consideration for the deed. She is now seeking by equitable petition to set aside the conveyance made by her. At the time of the making of the loan by it, the Calvert Mortgage Company knew, or could by reasonable inquiry have known, that the plaintiff was in possession of the premises at the time, and that the possession thereof by the grantee from her, "was only temporary and permissive; and the

company knew, or by reasonable inquiry should and could have known, that no consideration whatever was paid to the plaintiff for the deed executed by her, and also that the expressed consideration of $5 was grossly inadequate for the property, which the plaintiff alleges was worth at least $2,000, and was known to the company to be worth that amount. It was also averred that the consideration expressed in the deed, of love and affection for the grantor's stepdaughter-in-law, was no sufficient consideration in law, "all of which was sufficient to put said Calvert Mortgage Company on notice of all of petitioner's rights in the premises, and which therefore precluded them from being an innocent party in said transaction." The grantee in the deed from the plaintiff, after obtaining the loan from the mortgage company, failed to pay the monthly installments due upon it, so that, by the terms of the deed given as security for the loan, the entire debt, principal, interest, and attorney's fees, became due. The plaintiff charges that this default was intentionally made for the purpose of accelerating the maturity of the loan, in order that the debt might be reduced to judgment and the property sold to an innocent purchaser and placed beyond the power of the plaintiff to recover. After the default, the mortgage company brought suit against the debtor and obtained a judgment in the city court of Dublin, which declared a special lien upon the property. An execution was issued, and a levy made. The deed made to the mortgage company is a cloud upon the title, and "it was taken by said mortgage company with full knowledge of petitioner's rights, and is null and void." The judgment which was rendered in the city court is void, because it was founded on a conditional contract in writing, and no verdict of a jury was taken, but the judgment was rendered by the court. The prayer was for an injunction against the enforcement of the judgment, that it be declared void in so far as it sought to create a lien upon the property, and for other relief and process.

The Calvert Mortgage Company demurred to the petition, on the grounds that no cause of action was set out, and that it was not affected by the allegations of fraud. The demurrer was overruled, and it excepted. While the case was pending in this court, the defendant in error having died, her administrator was made a party.

*West & Dasher* and *James A. Thomas,* for plaintiff in error.

*Davis & New* and *Ira S. Chappell,* contra.

LUMPKIN, J. (After stating the foregoing facts.) The petition alleged, that a deed to certain land was fraudulently procured from the plaintiff; that the grantee obtained a loan from a mortgage company, and made a deed to secure the debt; and that such deed was taken by the company "with full knowledge of petitioner's rights." Whether or not certain allegations in regard to notice arising from the grantor's remaining on the land with the grantee, and from recitals of the consideration in the deed attacked, were subject to demurrer, need not be considered. This question was not distinctly raised by a demurrer to such allegations, though argued in the brief of counsel for plaintiff in error. In addition to them, there was the direct allegation of knowledge above quoted; and a general demurrer to the entire petition was properly overruled.

There was a demurrer to the paragraph of the petition which contained allegations on the subject of such notice, but the only point raised by the demurrer as to that paragraph was that the mortgage company was a non-resident corporation which could only act through its officers and agents, and that the paragraph of the petition mentioned should disclose what officer or agent of the company had the notice as charged. The allegation was of notice to the company, and this objection was not well taken, whether or not other objections might have been made.

Another ground of the demurrer was aimed at the allegation that the judgment of the city court of Dublin was void; but it was not argued or even mentioned in the brief of counsel for plaintiff in error, and the exception to the overruling of that ground will be treated as abandoned.

*Judgment affirmed. All the Justices concur.*